IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | Case No.: 7:19-cv-354 |
| **v.** ) | |
| ) | Senior Judge Glen E. Conrad |
| **SOUTHERN COAL CORPORATION, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

For their Answer to the Plaintiff's Complaint, Double Bonus Coal Company, Dynamic Energy, Inc., Frontier Coal Company, Inc., Justice Energy Company, Justice Highwall Mining, Inc., Keystone Services Industries, Inc., M&P Services, Inc., Nufac Mining Company, Inc., and Pay Car Mining Company, Inc., (collectively, "Defendants") state the following:

1. The allegations in paragraph 1 of the Plaintiff's Complaint are legal conclusions and statements of law for which no response is required. To the extent a response is required, the allegations are denied.

2. The Defendants deny the allegations in paragraph 2 of the Plaintiff's Complaint insofar as the same allege or purport to allege that the Defendants are or have been obligated to pay $4,776,370.40 in Mine Act penalties and interest. The remaining allegations in paragraph 2 of the Plaintiff's Complaint are legal conclusions and statements of law for which no response is required. To the extent a response is required, those allegations are denied.

1

3. The allegations in paragraph 3 of the Plaintiff's Complaint are legal conclusions and statements of law for which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in paragraph 4 of the Plaintiff's Complaint are legal conclusions and statements of law for which no response is required. To the extent a response is required, the allegations are denied.

5. The Defendants admit the allegations in paragraph 5 of the Plaintiff's Complaint to the extent the same allege or purport to allege that the Plaintiff is the United States of America. The Defendants deny the remaining allegations in paragraph 5 of the Plaintiff's Complaint.

6. Southern Coal Corporation previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

7. Justice Coal of Alabama, LLC previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

8. A & G Coal Corporation previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

9. Black River Coal, LLC has previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

10. Chestnut Land Holdings, LLC previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

11. Double Bonus Coal Company admits the allegations in paragraph 11 of Plaintiff's Complaint to the extent the same allege or purport to allege that Double Bonus Coal Company is a West Virginia corporation with its principal place of business in Daniels, West Virginia. Double Bonus Coal Company denies the remaining allegations in paragraph 11 of Plaintiff's Complaint. Paragraph 11 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

12. Dynamic Energy, Inc. admits the allegations in paragraph 12 of Plaintiff's Complaint to the extent the same allege or purport to allege that Dynamic Energy, Inc. is a West Virginia corporation with its principal place of business in Daniels, West Virginia. Dynamic Energy, Inc. denies the remaining allegations in paragraph 12 of Plaintiff's Complaint. Paragraph 12 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

13. Four Star Resources, LLC previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

14. Frontier Coal Company, Inc. admits the allegations in paragraph 14 of Plaintiff's Complaint to the extent the same allege or purport to allege that Frontier Coal Company, Inc. is a West Virginia corporation with its principal place of business in Daniels, West Virginia. Frontier

Coal Company, Inc. denies the remaining allegations in paragraph 14 of Plaintiff's Complaint. Paragraph 14 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

15. Infinity Energy, Inc. previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

16. Justice Energy Company admits the allegations in paragraph 16 of Plaintiff's Complaint to the extent the same allege or purport to allege that Justice Energy Company is a West Virginia corporation with its principal place of business in Daniels, West Virginia. Justice Energy Company denies the remaining allegations in paragraph 16 of Plaintiff's Complaint. Paragraph 16 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

17. Justice Highwall Mining, Inc. admits the allegations in paragraph 17 of Plaintiff's Complaint to the extent the same allege or purport to allege that Justice Highwall Mining, Inc. is a West Virginia corporation with its principal place of business in Daniels, West Virginia. Justice Highwall Mining, Inc. denies the remaining allegations in paragraph 17 of Plaintiff's Complaint. Paragraph 17 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

18. Kentucky Fuel previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

19. Keystone Services Industries, Inc. admits the allegations in paragraph 19 of Plaintiff's Complaint to the extent the same allege or purport to allege that Keystone Services Industries, Inc. is a West Virginia corporation with its principal place of business in Daniels, West Virginia. Keystone Services Industries, Inc. denies the remaining allegations in paragraph 19 of Plaintiff's Complaint. Paragraph 19 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

20. M&P Services, Inc. admits the allegations in paragraph 20 of Plaintiff's Complaint to the extent the same allege or purport to allege that M&P Services, Inc. is a West Virginia corporation with its principal place of business in Daniels, West Virginia. M&P Services, Inc. denies the remaining allegations in paragraph 20 of Plaintiff's Complaint. Paragraph 20 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

21. Nine Mile Mining, Inc. previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

22. Nufac Mining Company, Inc. admits the allegations in paragraph 22 of Plaintiff's Complaint to the extent the same allege or purport to allege that is a Delaware corporation with its principal place of business in Wilmington, Delaware. Nufac Mining Company, Inc. denies the remaining allegations in paragraph 22 of Plaintiff's Complaint. Paragraph 22 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

23. Pay Car Mining, Inc. admits the allegations in paragraph 23 of Plaintiff's Complaint to the extent the same allege or purport to allege that Pay Car Mining, Inc. is a West Virginia corporation with its principal place of business in Daniels, West Virginia. Pay Car Mining, Inc. denies the remaining allegations in paragraph 23 of Plaintiff's Complaint. Paragraph 23 of Plaintiff's Complaint contains no allegations against the remaining Defendants. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

24. Premium previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

25. S&H Mining, Inc. previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

26. Sequoia Energy, LLC previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

27. Tams Management, Inc. previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

28. Virginia Fuel Corporation previously answered the allegations in this paragraph. *See* Dkt. No. 6. To the extent this paragraph is deemed to contain allegations against the remaining Defendants, they are denied.

29. The allegations in paragraph 29 of the Plaintiff's Complaint are legal conclusions and statements of law for which no response is required. To the extent a response is required, the allegations are denied.

30. The allegations in paragraph 30 of the Plaintiff's Complaint are legal conclusions and statements of law for which no response is required. To the extent a response is required, the allegations are denied.

31. The Defendants admit the allegations in paragraph 31 of the Plaintiff's Complaint to the extent the same allege or purport to allege that the Defendants have identified, in MSHA filings, its controllers as James C. Justice II, James C. Justice III, and Jillian Justice.

32. The Defendants admit the allegations in paragraph 32 of the Plaintiff's Complaint to the extent the same allege or purport to allege that, in previous years, MSHA has issued citations to the and proposed assessments as a result of those citations. The remaining allegations in paragraph 32 of Plaintiff's Complaint are denied.

33. The allegations in paragraph 33 of the Plaintiff's Complaint make no allegation specific allegation regarding any specific proposed penalty and/or are legal conclusions for which no response is required. To the extent the allegations in paragraph 33 of Plaintiff's Complaint contain allegations against the Defendants which form a basis for any claim against them, those allegations are denied.

34. The allegations in paragraph 34 of the Plaintiff's Complaint make no allegation specific allegation regarding any specific proposed penalty and/or are legal conclusions for which no response is required. To the extent the allegations in paragraph 34 of Plaintiff's Complaint contain allegations against the Defendants which form a basis for any claim against them, those allegations are denied.

35. The allegations in paragraph 35 of the Plaintiff's Complaint make no allegation specific allegation regarding any specific proposed penalty and/or are legal conclusions for which no response is required. The Defendants admit, upon information and belief, the allegations in paragraph 35 of the Plaintiff's Complaint to the extent the same allege or purport to allege that MSHA forwarded assessments it claimed that the Defendants owed to the Department of Treasury and the Department of Justice for collection. To the extent the allegations in paragraph 35 of Plaintiff's Complaint contain allegations against the Defendants which form a basis for any claim against them, those allegations are denied.

36. The Defendants admit the allegations in paragraph 36 of the Plaintiff's Complaint to the extent the same allege or purport to allege that the Defendants' counsel received a demand from the United States Attorney's Office for the Western District of Virginia and a written, agreed-upon tolling agreement to provide the parties time to correct the numerous errors in MSHA's data and negotiate an amicable resolution of this dispute without burdening the Court and causing the parties to unnecessarily incur the time and expense of litigation. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations against them in paragraph 36 of the Plaintiff's Complaint. The remaining allegations in paragraph 36 of the Plaintiff's Complaint are legal conclusions for which no response is required. To the extent a response to the legal conclusions in paragraph 36 of Plaintiff's Complaint is required, they are denied.

37. The Defendants deny the allegations in paragraph 37 of the Plaintiff's Complaint.

38. The Defendants deny the allegations in paragraph 38 of the Plaintiff's Complaint.

39. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations against in paragraph 39 of the Plaintiff's Complaint and therefore deny the same.

40. The allegations in paragraph 40 of the Plaintiff's Complaint are legal conclusions and statements of law for which no response is required. To the extent a response is required, the allegations are denied.

41. The Defendants deny that the United States is entitled to any relief sought in the PRAYER FOR RELIEF.

42. The Defendants deny each and every allegation set forth in the Complaint not specifically admitted herein.

THE DEFENDANTS DEMANDS A TRIAL BY JURY WITH RESPECT TO ALL ISSUES SO TRIABLE.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendants assert the following additional defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations, and/or statute of repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is or may be barred by the doctrines of accord and satisfaction, compromise, release, illegality, laches, duress, payment and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because the debt Plaintiff claims is owed was incurred in whole or in part by the acts and/or omissions of other persons, third parties and/or non-parties not under the direction and control of these Defendants and said acts and/or omissions constitute either a complete or partial bar to recovery herein.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's assertion of this claim violates these Defendants' rights to due process under the law.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants are entitled to a set-off for all amounts paid and/or which should have been paid by independent third parties, as well as any amounts which were reduced or written down or which should have been reduced or written down.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by Plaintiff's failure to comply with conditions precedent to Plaintiff's right to recover.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants are entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in Virginia and/or any other state whose law is deemed to apply in this case.

**NINTH AFFIRMATIVE DEFENSE**

The claim asserted in Plaintiff's Complaint is barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on the claim pleaded in the Complaint because the damages sought are too speculative and remote.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate damages and, as such, the damages recoverable by Plaintiff, if any, must be reduced by such amount.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by reason of spoliation of evidence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be dismissed on *forum non conveniens* grounds.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be barred or reduced because the amounts allegedly owed, as calculated by Plaintiff, are not accurate including, without limitation, the calculation of the principal, interest and surcharges.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

Defendants plead the failure to join necessary and indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure.

### SIXTHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim, by Plaintiff's conduct, is barred under the equitable doctrines of laches and estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be barred, in whole or in part, because the asserted penalties and/or debt has and/or will affect all or some of these Defendants' ability to continue in business and are otherwise unjustified under the circumstances.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred under the doctrines of consent, ratification and avoidance by contract.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's consolidation of each of these Defendants in a single action is improper and the actions should be severed.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Plaintiff failed to make a reasonable and good faith effort to conciliate the dispute prior to filing suit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over some or all of the Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants hereby reserve the right to amend their answer to assert any other defenses, separate or otherwise, that may become available during discovery proceedings in this case.

**WHEREFORE**, having fully answered, Defendants respectfully request that this Court enter an Order dismissing Plaintiff's Complaint with prejudice at Plaintiff's costs and granting the Defendants such other relief as it deems just and equitable.

DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

DOUBLE BONUS COAL COMPANY, et al.

By: /s/ Aaron Balla Houchens
      Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

Christopher D. Pence (WV Bar # 9095)
HARDY PENCE PLLC
P. O. Box 2548
Charleston, WV 25329
(304) 345-7250 (telephone)
(304) 345-9941 (facsimile)
cpence@hardypence.com
*Pro Hac Vice Motion Forthcoming*

    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and the foregoing was electronically transmitted through the CM/ECF system to the following CM/ECF participants:

Jason Scott Grover, Esq.
U.S. Department of Labor - Office of the Regional Solicitor
201 12th Street South, Suite 401
Arlington, VA 22202-5450
202-693-9326
202-693-9392 (Fax)
grover.jason@dol.gov

Krista Consiglio Frith, Esq.
Laura Day Rottenborn, Esq.
U.S. Attorney's Office for the Western District of Virginia
310 First Street, S.W., Room 906
Roanoke, Virginia 24008
(540) 857-2250
(540) 857-2614 (Fax)
krista.frith@usdoj.gov
laura.rottenborn@usdoj.gov

/s/     Aaron Balla Houchens