IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>SOUTHERN COAL CORPORATION; )<br>A & G COAL CORPORATION; )<br>JUSTICE COAL OF ALABAMA LLC; )<br>BLACK RIVER COAL LLC; )<br>CHESTNUT LAND HOLDINGS LLC; )<br>DOUBLE BONUS COAL COMPANY; )<br>DYNAMIC ENERGY INC.; FOUR )<br>STAR RESOURCES LLC; FRONTIER )<br>COAL COMPANY, INC.; INFINITY )<br>ENERGY INC.; JUSTICE ENERGY )<br>COMPANY, INC.; JUSTICE )<br>HIGHWALL MINING, INC.; )<br>KENTUCKY FUEL CORP., )<br>KEYSTONE SERVICES INDUSTRIES )<br>INC.; M & P SERVICES, INC.; NINE )<br>MILE MINING COMPANY, INC.; )<br>NUFAC MINING COMPANY, INC.; )<br>PAY CAR MINING INC.; PREMIUM )<br>COAL COMPANY, INC.; S AND H )<br>MINING, INC.; SEQUOIA ENERGY, )<br>LLC; TAMS MANAGEMENT, INC.; )<br>VIRGINIA FUEL CORP., )<br>)<br>Defendants. | Case No. 7:19-cv-00354 |

**<u>JOINT STIPULATION FOR CONSENT JUDGMENT</u>**

The Parties, Plaintiff, United States of America, and Defendants, Southern Coal Corporation, A & G Coal Corporation, Justice Coal of Alabama LLC, Black River Coal LLC, Chestnut Land Holdings LLC, Double Bonus Coal Company, Dynamic Energy Inc., Four Star Resources LLC, Frontier Coal Company, Inc., Infinity Energy Inc., Justice Energy Company, Inc.,

Justice Highwall Mining, Inc., Kentucky Fuel Corp., Keystone Services Industries, Inc., M & P Services, Inc., Nine Mile Mining Company, Inc., NuFac Mining Company, Inc., Pay Car Mining Inc., Premium Coal Company, Inc., S and H Mining, Inc., Sequoia Energy LLC, Tams Management, Inc., and Virginia Fuel Corp. (collectively "Defendants"), as well as non-party debtor Bluestone Coal Corporation, come by counsel, and respectfully state and agree as follows:

1. On May 7, 2019, the United States filed a civil action against Defendants to recover delinquent debt owed by Defendants in monetary penalties for violations of the Federal Mine Safety and Health Act of 1977 (30 U.S.C. § 801, *et seq.*) pursuant to the Federal Debt Collection Procedures Act (28 U.S.C. § 3001, *et seq.*).

2. This Court has jurisdiction over the Parties and over the subject matter of this action.

3. The obligations of this Joint Stipulation for Consent Judgment apply to and are binding upon the United States, Defendants, and any successors, assigns, or other entities, or persons bound by law.

4. As of the date of the Complaint in this case, Defendants collectively owed $4,065,578.29 in debt (total of principal and interest) pursuant to the Mine Safety and Health Administration (MSHA) case numbers listed in Attachment A ("the Debt").

5. In order to satisfy the Debt, Defendants and the United States enter into this Joint Stipulation for Consent Judgment, and request the Court enter a Judgment accordingly.

6. Defendants agree to pay $4,065,578.29 in satisfaction of the Debt.

7. The United States agrees to accept the sum of $4,065,578.29 in full satisfaction of the Debt, and releases and forever discharges Defendants from the Debt.

8.     Defendants acknowledge there are additional unpaid MSHA civil penalties for which a final order has issued but were not included in this lawsuit.  Defendants agree to pay in full the MSHA final civil penalties listed in Attachment B. The principal amount of the debts in Attachment B is $790,173.12. The government agrees that for the final orders in Attachment B issued on or before May 9, 2019, the total amount of debt due and owing with interest and fees will be calculated as of May 9, 2019.  The government agrees that for the final orders in Attachment B issued after May 9, 2019, the total amount of debt due and owing with interest and fees will be calculated as of February 1, 2020.  The total of these amounts is $1,064,547.18.  Defendants agree to pay $1,064,547.18 in satisfaction of the debts in Attachment B, pursuant to the terms specified in paragraphs 9 and 10 below. If Defendants become delinquent on the payments owed pursuant to this paragraph, the United States may use the post-judgment methods of enforcement outlined in the FDCPA and any other methods of enforcement available under applicable law, subject to the right to cure provisions set forth in paragraph 15.

9.     The government further agrees that the amounts set forth in Attachments A and B constitute the full and final amount owed by the Defendants and Bluestone Coal Corporation for any assessment, fine, penalty, interest, or other Debt assessed or imposed as a result of a citation, order, or alleged violation of the Federal Mine Safety and Health Act of 1977 (30 U.S.C. § 801, *et seq.*), which have become a final order of the Federal Mine Safety and Health Review Commission as of February 1, 2020, regardless of whether a specific statement number, case number, or Debt is set forth on Attachment A or Attachment B, except for those debts for which Defendants or Bluestone Coal Corporation has filed a petition for reconsideration with the Federal Mine Safety and Health Review Commission and for which disposition is pending.

10. Defendants agree to pay 20% of the Attachment B debt, which is $212,909.44, on or before April 15, 2020.

11. The sum of the Debt $4,065,578.29 plus the remainder of the Attachment B debt, $851,637.74, is $4,917,216.03. This amount of $4,917,216.03 will be paid in equal monthly installments of $102,442.00 over forty-eight months. The first monthly installment shall be made on or before April 1, 2020, with each monthly payment thereafter due on or before the first of each month.

12. Defendants shall make their monthly payments to the United States by FedWire Electronic Funds Transfer (EFT) to the U.S. Department of Justice account in accordance with written instructions to be provided to Defendants by the Financial Litigation Unit (FLU) of the U.S. Attorney's Office for the Western District of Virginia. The payment instructions provided by the FLU will include a Consolidated Debt Collection System (CDCS) number, which Defendants shall use to identify all payments required to be made in accordance with this Joint Stipulation for Consent Judgment. The FLU will provide the payment instructions to:

>   Aaron B. Houchens, Esq.
>   Attorney
>   111 E. Main Street, P.O. Box 1250, Salem, Virginia 24153
>   540-389-4498 (Tel.) 540-339-3903 (Fax)
>   aaron@houchenslaw.com

on behalf of Defendants. Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to the FLU.

13. If Defendants become delinquent on a monthly payment, the United States may use the methods of enforcement outlined in the FDCPA and any other methods of enforcement available under applicable law, subject to the right to cure provisions set forth in paragraph 15.

14. The parties agree the amount of Attachment A and Attachment B, $5,130,125.47, will not bear post-judgment interest or the 10% surcharge authorized by the FDCPA, 28 U.S.C. § 3011(a).

15. The parties agree the government will notify the Defendants of any event it considers a default of noncompliance with the terms of this agreement by e-mail or facsimile to the person identified in paragraph 12 or as modified in accordance with that paragraph. The parties further agree that the Defendants shall have fourteen (14) days from receipt of this notice to cure any alleged default or noncompliance without penalty.

16. This Joint Stipulation for Consent Judgment resolves the civil claims of the United States alleged in the Complaint for the debts reflected in Attachment A. The Parties agree each will bear their own costs, fees, and expenses.

17. Defendants acknowledge that any noncompliance with the terms and conditions of this Joint Stipulation for Consent Judgment, as incorporated into the Judgment to be entered by the Court, could lead to the institution of civil contempt proceedings against Defendants.

18. After Defendants have completed all payments for the debts listed in Attachments A and B, the United States shall file a Notice of Satisfaction of Judgment.

19. In any subsequent administrative or judicial proceeding initiated by the United States or its agencies for injunctive relief, civil penalties, and/or other appropriate relief, Defendants shall not assert, and may not maintain, any defense or claim based on the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to those debts identified in Attachment A.

20.     The terms of this Joint Stipulation for Consent Judgment may be modified only by subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Joint Stipulation for Consent Judgment, it shall be effective only upon approval by the Court.

21.     This Joint Stipulation for Consent Judgment constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the claims in the Complaint and supersedes all prior agreements and understandings, whether oral or written, concerning the stipulation and agreement embodied herein.

THEREFORE, the United States respectfully requests this Honorable Court take notice of the aforementioned and enter Judgment based on the Joint Stipulation reached by the parties. A proposed Order of Judgment is submitted herewith.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

Date:  April 1, 2020

/s/ Laura Day Rottenborn
Laura Day Rottenborn
Assistant United States Attorney
Virginia State Bar No. 94021
Illinois State Bar No. 6289334
Laura.Rottenborn@usdoj.gov

/s/ Krista Consiglio Frith
Assistant United States Attorney
Virginia Bar No. 89088
United States Attorney's Office
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
Krista.Frith@usdoj.gov

*/s/ Jason S. Grover*
Special Assistant United States Attorney
Illinois Bar No. 6256032
Counsel for Trial Litigation
Mine Safety and Health Division
Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
TEL (202) 693-9326
FAX (202) 693-9392
grover.jason@dol.gov
    *Counsel for Plaintiff*


SOUTHERN COAL CORPORATION, et al.
By: /s/ Aaron Balla Houchens
Of Counsel
Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

Christopher D. Pence (WV Bar # 9095)
HARDY PENCE PLLC
P. O. Box 2548
Charleston, WV 25329
(304) 345-7250 (telephone)
(304) 553-7227 (facsimile)
cpence@hardypence.com

    *Counsel for Defendants*