IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,       ) | Case No. 7:19-cv-00354 |
| ) | |
| v.       ) | |
| ) | |
| SOUTHERN COAL CORPORATION;       ) | |
| A & G COAL CORPORATION;       ) | |
| JUSTICE COAL OF ALABAMA LLC;       ) | |
| BLACK RIVER COAL LLC;       ) | |
| CHESTNUT LAND HOLDINGS LLC;       ) | |
| DOUBLE BONUS COAL COMPANY;       ) | |
| DYNAMIC ENERGY INC.; FOUR       ) | |
| STAR RESOURCES LLC; FRONTIER       ) | |
| COAL COMPANY, INC.; INFINITY       ) | |
| ENERGY INC.; JUSTICE ENERGY       ) | |
| COMPANY, INC.; JUSTICE       ) | |
| HIGHWALL MINING, INC.;       ) | |
| KENTUCKY FUEL CORP.,       ) | |
| KEYSTONE SERVICES INDUSTRIES       ) | |
| INC.; M & P SERVICES, INC.; NINE       ) | |
| MILE MINING COMPANY, INC.;       ) | |
| NUFAC MINING COMPANY, INC.;       ) | |
| PAY CAR MINING INC.; PREMIUM       ) | |
| COAL COMPANY, INC.; S AND H       ) | |
| MINING, INC.; SEQUOIA ENERGY,       ) | |
| LLC; TAMS MANAGEMENT, INC.;       ) | |
| VIRGINIA FUEL CORP.,       ) | |
| ) | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO COMPEL COMPLIANCE WITH CONSENT JUDGMENT**

Defendants have failed to comply with the Consent Order previously entered in this matter. As a result, the United States moves to compel Defendants to meet their obligations under the Consent Order and immediately make their March 2022 installment payment for monetary civil penalties they agreed to and that this Court ordered them to pay.

## FACTUAL BACKGROUND

Defendants collectively owned and operated over 50 coal mines. The Mine Safety and Health Administration (MSHA) conducted regular statutorily required inspections at defendants' mines. *See* 30 U.S.C. § 813(a) (requiring regular inspections of mines). As a result of those inspections, MSHA issued hundreds of citations and orders for violations of the Federal Mine Safety and Health Act (Mine Act) and MSHA's mandatory health and safety standards promulgated under the Mine Act to Defendants. *See generally* 30 U.S.C. § 801, *et seq.*; 30 C.F.R. pts. 75 and 77. Between 2014 and 2019, Defendants failed to pay monetary civil penalties for those violations, totaling $4,776,370.04. Comp. ¶ 2, ECF No. 1.

The United States filed suit under the Mine Act and the Federal Debt Collection Practices Act (FDCPA) to collect Defendants' unpaid civil penalties. *See id.* On April 1, 2020, the parties filed a Joint Stipulation for Consent Judgment in which Defendants agreed to pay $4,065,578.29 for their Mine Act civil penalties. Stip. ¶ 6, ECF No. 44. Additionally, Defendants acknowledged and agreed to pay other unpaid Mine Act civil penalties in the amount of $1,064,547.18. *Id.* ¶ 8. The United States agreed Defendants would not have to pay post-judgment interest or the 10% surcharge authorized by the FDCPA, 28 U.S.C. § 3011(a). *Id.* ¶ 14. In total, Defendants agreed to pay the United States $5,130,125.47. ECF No. 45.

Pursuant to the Consent Judgment, Defendants had to make an initial payment of $212,909.44 by April 15, 2020. *Id.* Thereafter, Defendants were required to make monthly payments of $102,442.00 by the first of each month until the debt was paid in full. *Id.*

Since their initial payments, Defendants have consistently made their monthly payments late. Notice ¶ 4, ECF No. 46. On January 6, 2022, the United States filed a Notice of Non-Compliance because Defendants failed to pay their December 2021 and January 2022 payments.

*Id.* ¶ 6. After the United States filed its Notice of Non-Compliance, Defendants paid their December 2021 and January 2022 payments on January 19 and January 28, 2022, respectively.

Defendants then failed to make their February payment on time. After several reminders of the delinquency of the payment to Defendants', they made the February payment on March 14, 2022. Despite several requests to do so, as of this filing, however, Defendants have not made their March payment, which is now 31 days past due.

## STANDARD OF REVIEW

This Court has inherent authority to enforce the terms of its Consent Judgment. *See Thompson v. U.S. Dep't of Housing & Urban Dev.*, 404 F.3d 821, 833 (4th Cir. 2005) ("[T]he court's inherent authority over its own judgment would have provided it with the continuing authority to enforce the Consent Decree.").

## ARGUMENT

This matter is straight-forward: Defendants agreed and stipulated to a judgment of the Court that they owed civil penalties and agreed to pay them in consecutive months as part of an installment agreement. ECF No. 44. The Court accepted the parties' joint stipulation and entered a consent judgment. ECF No. 45. Defendants have not honored the terms of the Court's consent judgment and have not made payment for March 2022 despite multiple requests from the United States to do so.

Defendants are mine operators. Congress relies on monetary civil penalties under the Mine Act as a means to compel operators to comply with mandatory health and safety standards. *See Coal Emp't Project v. Dole*, 889 F.2d 1127, 1132–33 (D.C. Cir. 1989) (citing the Mine Act's legislative history at 123 Cong. Rec. 4388 (1977)). The Mine Act's stated purpose is to protect the health and safety of the industry's most precious resource—the miner. 30 U.S.C. § 801(a). If

3

Defendants are allowed to ignore their obligations, it undermines the authority of this Court and removes the incentive of these defendants—and other mining companies—from complying with MSHA's health and safety standards designed to protect the nations' miners.

Defendants have provided no reason for their noncompliance and have not complied despite the United States' numerous inquiries to Defendants. Because Defendants have chosen not to comply with the agreed-to and ordered payment schedule, the United States requests the Court order Defendants to comply and make their March 2022 payment immediately.

## CONCLUSION

Because Defendants agreed, and this Court ordered them, to make consecutive monthly payments of $102,442.00, this Court should order them to immediately pay $102,442.00 for their March 2022 installment.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

Date: March 31, 2022

/s/ Laura Day (Rottenborn) Taylor
Laura Day (Rottenborn) Taylor
Assistant United States Attorney
Virginia State Bar No. 94021
Illinois State Bar No. 6289334
Laura.Taylor@usdoj.gov

/s/ Krista Consiglio Frith
Assistant United States Attorney
Virginia Bar No. 89088
United States Attorney's Office
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250

4

Facsimile: (540) 857-2283
Krista.Frith@usdoj.gov

*/s/ Jason S. Grover*
Special Assistant United States Attorney
Illinois Bar No. 6256032
Counsel for Trial Litigation
Mine Safety and Health Division
Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
TEL (202) 693-9326
FAX (202) 693-9392
grover.jason@dol.gov
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2022, I caused a true copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties.

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney

5