IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) Case No. 7:19-CV-00354 |
| **SOUTHERN COAL CORPORATION, ET AL.** | ) ) |
| **Defendant.** | ) ) |

## UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH CONSENT JUDGMENT

The United States moves to compel Defendants to pay the installment payments for monetary civil penalties they agreed to and that this Court ordered them to pay.

## BACKGROUND

Defendants collectively owned and operated over 50 coal mines. The Mine Safety and Health Administration (MSHA) conducted regular statutorily required inspections at Defendants' mines. *See* 30 U.S.C. § 813(a) (requiring regular inspections of mines). As a result of those inspections, MSHA issued hundreds of citations and orders for violations of the Federal Mine Safety and Health Act (Mine Act) and MSHA's mandatory health and safety standards promulgated under the Mine Act to Defendants. *See generally* 30 U.S.C. § 801, *et seq.* & 30 C.F.R. Pts. 75 & 77. Between 2014 and 2019, Defendants failed to pay monetary civil penalties for those violations, totally $4,776,370.04. Compl. ¶ 2, ECF No. 1.

As a result of Defendants' failure to pay the monetary civil penalties, the United States filed suit under the Mine Act and the Federal Debt Collection Practices Act (FDCPA). 30 U.S.C.

1

§§ 818(a); 820(j); 28 U.S.C. § 3001, *et seq*.; Compl., ECF No. 1. After some initial motion practice, the parties reached a settlement agreement. On April 1, 2020, the parties filed a Joint Stipulation for Consent Judgment (ECF No. 44) where Defendants acknowledged they owed and agreed to pay $4,065,578.29 for their Mine Act civil penalties. *Id.* ¶ 6. Additionally, Defendants acknowledged and agreed to pay other unpaid Mine Act civil penalties in the amount of $1,064,547.18. *Id.* ¶ 8. The United States agreed Defendants would not have to pay post-judgment interest or the 10% surcharge authorized by the FDCPA, 28 U.S.C. § 3011(a). *Id.* ¶ 14.

In total, Defendants agreed to pay $5,130,125.47 for their civil penalties. ECF No. 45. The Court ordered Defendants to pay an initial $212,909.44 payment by April 15, 2020, then make monthly consecutive monthly payments of $102,442.00 by the first of each month until the debt was paid in full. *Id*.

Defendants have consistently made their monthly payments late. Notice of Noncompliance ¶ 4, ECF No. 46. The United States filed a notice of non-compliance on January 6, 2022, because Defendants failed to pay their December 2021 and January 2022 payments. *Id*. ¶ 6. After the United States filed its notice of non-compliance, Defendants paid their December 2021 and January 2022 payments. Defendants only paid their February 2022 payment in mid-March 2022 and their March 2022 payment after the United States was forced to file a motion to compel compliance with the consent order. Mot. to Compel, ECF Nos. 49 & 50.

Defendants have again stopped complying with the consent order. As of today, Defendants have failed to pay their February 2023, March 2023, April 2023, and May 2023 payments for a total of $409,768 in past due payments.

The United States has attempted to achieve compliance with the consent order, notifying Defendants of past due amounts on February 6, 2023; February 23, 2023; February 24, 2023;

March 2, 2023; March 9, 2023; March 16, 2023; March 24, 2023; April 3, 2023; April 14, 2023; and May 5, 2023. Despite these efforts, Defendants have nonetheless failed to make their required payments or otherwise indicate why they are unable to comply with the Consent Judgment.

## STANDARD OF REVIEW

This Court has inherent authority to enforce the terms of its Consent Judgment. See *Thompson v. U.S. Dep't of Housing & Urban Dev.*, 404 F.3d 821, 833 (4th Cir. 2005) ("[T]he court's inherent authority over its own judgment would have provided it with the continuing authority to enforce the Consent Decree against HUD.").

## ARGUMENT

This matter is straight-forward: Defendants agreed and stipulated to a judgment of the Court that they owed civil penalties and agreed to pay them in consecutive months as part of an installment agreement. ECF No. 44. The Court accepted the parties' joint stipulation and entered a consent judgment. ECF No. 45. Defendants have not honored the terms of its agreement and the Court's consent judgment by not making payments for February 2023, March 2023, April 2023, and May 2023.

Defendants are mine operators. Congress relies on monetary civil penalties under the Mine Act as a means to compel operators to comply with mandatory health and safety standards. *See Coal Emp't Project* v. *Dole*, 889 F.2d 1127, 1132–33 (D.C. Cir. 1989) (citing the Mine Act's legislative history at 123 Cong. Rec. 4388 (1977)). The Mine Act's stated purpose is to protect the health and safety of the industry's most precious resource—the miner. 30 U.S.C. § 801(a). If Defendants are allowed to ignore their obligations, it undermines the authority of this Court and removes the incentive of these Defendants—and other mining companies—from complying with MSHA's health and safety standards designed to protect the nations' miners.

## CONCLUSION

Because Defendants agreed, and this Court ordered them, to make consecutive monthly payments of $102,442.00, this Court should order Defendants to immediately pay $409,768.00 for their February 2023, March 2023, April 2023, and May 2023 installments and should order them to comply with the consent judgment going forward.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

Date: May 17, 2023

*/s/ Laura Day Taylor*
Laura Day Taylor
Assistant United States Attorney
Virginia State Bar No. 94021
Illinois State Bar No. 6289334
Laura.Taylor@usdoj.gov

*/s/ Krista Consiglio Frith*
Assistant United States Attorney
Virginia Bar No. 89088
United States Attorney's Office
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
Krista.Frith@usdoj.gov

*/s/ Jason S. Grover*
Special Assistant United States Attorney
Illinois Bar No. 6256032
Counsel for Trial Litigation
Mine Safety and Health Division
Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
TEL (202) 693-9326
FAX (202) 693-9392
grover.jason@dol.gov
*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notice to all counsel of record.

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney