IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. 7:19-cv-00354 |
| ) | |
| SOUTHERN COAL CORPORATION, et al., ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S MOTION FOR CIVIL CONTEMPT**

COMES NOW, Southern Coal Corporation, A & G Coal Corporation, Black River Coal LLC, Chestnut Land Holdings LLC, Double Bonus Coal Company, Dynamic Energy Inc., Four Star Resources LLC, Frontier Coal Company, Inc., Infinity Energy Inc., Justice Coal of Alabama LLC, Justice Energy Company, Inc., Justice Highwall Mining, Inc., Kentucky Fuel Corp., Keystone Services Industries Inc., M & P Services, Inc., Nine Mile Mining Company, Inc., Nufac Mining Company, Inc., Pay Car Mining Inc., Premium Coal Company, Inc., S and H Mining, Inc., Sequoia Energy, LLC, Southern Coal Corporation, Tams Management, Inc., Virginia Fuel Corp., (collectively the "Defendants") by counsel, and states as follows for its Memorandum in Opposition to the Government's Motion for Civil Contempt.

**PRELIMINARY STATEMENT**

After paying over $4 million dollars to satisfy a judgment for MSHA civil penalties, the Government now seeks to impose a contempt penalty upon the Defendants for the failure to pay the remaining $579,041.53. The Government's Motion comes as the Defendants are still attempting to pay the debt and made a payment in July 2024. While the Defendants have not entirely satisfied their obligations under the Consent Judgment, this is not due to a willful violation

1

of the Court's order. Instead, the Defendants have an inability to pay the current amounts due. This inability to pay is well known to the Government and has existed for some time. This inability to pay sets up a complete defense to the Government's Motion and necessitates dismissal of the Motion.

Moreover, as a practical matter, the Government cannot avoid the significant and robust payment history in which the Defendants have paid millions of dollars to satisfy their obligations. On these facts, contempt is simply a step too far.

## BACKGROUND

On April 1, 2020, the parties filed a Joint Stipulation for Consent Judgment (ECF No. 44) in which Defendants acknowledged they owed the MSHA civil penalties sought in the Complaint as well as another set of civil penalties not sought in the Complaint. *Id*. Defendants agreed to pay $5,130,125.47 to resolve the civil penalties in the Complaint as well as an additional 85 MSHA civil penalties not included in the Complaint. *Id*. ¶¶ 6, 8. This Stipulation and its payment terms was reduced to a Consent Judgment entered by this Court on April 2, 2020. (ECF No. 45).

Defendants failed to comply and owe $579,041.53 to the Government. Defendants made a payment in the amount of $10,000.00 on July 12, 2024, and plan to make payments as they are financially able to do so. Unfortunate, the global coal market, extraneous business factors, and financial constraints constantly frustrate Defendants' business activities and make their primary business- mining coal- almost impossible to do. Without active and significant mining operations, Defendants are not financially viable, and this makes compliance with the payment terms an impossibility. On these facts, the Government moved for contempt on August 6, 2024.

**ARGUMENTS & AUTHORITIES**

I.  **LEGAL STANDARDS**

The Government seeks to impose civil contempt penalties upon the Defendants. It is well-established that federal courts possess an inherent power to punish for contempt. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). A finding of civil contempt must rest upon proof by clear and convincing evidence. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004). Civil contempt is remedial and intended to either coerce compliance with the court order or to compensate the plaintiff for losses sustained. *See Consolidation Coal Co. v. Local 1702, United Mineworkers of Am.*, 683 F.2d 827, 829 (4th Cir. 1982) (stating fines for civil contempt "are designed primarily to coerce behavior").

Civil contempt is appropriate where a party has violated an order of a court which "set[s] forth in specific detail an unequivocal command which a party has violated." *In re General Motors*, 61 F.3d 256, 258 (4th Cir. 1995) (*quoting Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)). To establish civil contempt, the Government must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) that [the] movant suffered harm as a result.

*See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000)

A defense to imposition of civil contempt is the inability to comply. *See Consolidation Coal Co.*, 683 F.2d at 832. The contemnor's inability to pay can be a defense to a coercive civil sanction, though the burden lies with the defendant to demonstrate their lack of financial resources. *RLI Ins. Co v. Nexus Servs.*, Civil Action No. 5:18-cv-00066 (W.D. Va. Jun 1, 2023)

*citing Maggio v. Zeitz*, 333 U.S. 56, 76 (1948); *F.T.C. v. Leshin*, 719 F.3d 1227, 1234 (11th Cir. 2013) (noting that inability to pay can be a defense to a coercive contempt sanction).

To maintain that defense, the alleged contemnor must establish three elements: (1) inability to comply; (2) that the inability was not self-induced; and (3) that the contemnor took all reasonable steps to comply. *In re Rhodes*, 563 B.R. 380, 387 (Bankr. M.D. Fla. 2017); *see also United States v. Rylander,* 460 U.S. 752, 756 (1983) (noting that "where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."). Each element must be proven "categorically and in detail." *Mesa v. Luis Garcia Land Serv., Co.*, 218 F. Supp. 3d 1375 (S.D. Fla. 2016). Unsupported, conclusory assertions will not suffice. *See Rylander*, 460 U.S. at 757-58; *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357 (S.D. Fla. 2015) (holding that a "present inability to comply" applies when the contemnor establishes that he has the present inability to comply and that he is not responsible for that inability).

## II.  DEFENDANTS HAVE NO ABILITY TO PAY

The Defendants financial struggles are well-documented. For example, Southern Coal Corporation ("SCC") has been found to be "insolvent" by this Court. *See Southern Coal Corporation v. Brickstreet Mutual Ins. Co.*, Civil Action No. 7:19-cv-00457 (W.D. Va. Sept. 28, 2023) ("the court has little trouble concluding that Southern Coal is insolvent."). In the Brickstreet case, deposition testimony filed in the record established that that SCC both (1) would not be able to pay a money judgment in this case, and (2) has millions of dollars in judgments currently pending against it. Similarly, Defendant Kentucky Fuel Corporation ("KFC") has no assets and tax returns demonstrate that KFC had ordinary business losses totaling over $19 million in 2015,

4

over $13 million in 2016, over $11 million in 2017, and over $11 million in 2018. Other Defendants face similar financial situations.

Each and every asset owned by many of the Defendants is pledged to Carter Bank and Trust ("Carter Bank") as security for millions of dollars in debt. Carter Bank's lien and the pledged collateral existed before the Government's underlying judgment and the Court's order requiring payment. Currently, the Defendants or some combination thereof owes Carter Bank approximately $290 million. *See Exhibit A*. (Article: Carter Bank, Justice family reach accord on $300 million in loans). Further, there are other secured creditors, judgments, and financial impediments that make satisfying the judgment with the Government a near impossibility at this time.

The Government will undoubtedly argue that the Defendants' financial problems are self-induced and they should be prohibited from asserting this defense. Any such argument should be rejected. In reviewing the "self-induced" analysis, only actions taken *after* the court order at issue are dispositive in determining whether the inability to pay is self-induced. *See Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795 (6th Cir. 2017) (reversing district court's rejection of defendant's inability to pay argument and noting "just as a court cannot hold a party in contempt retroactively, it cannot reject a party's impossibility defense on the basis of conduct that *predated* its definite and specific command.") (emphasis added).

Upon information and belief, at the time of the stipulation and judgment in this case the Government knew or should have known of the Defendants' problematic financial condition. It is likely that one motivation for the Government to enter into and execute the Stipulation and Consent Judgment because it knew that the hopes of collecting a significant judgement against the Defendants would be difficult.

Even if this fact was not known to the Government, there is no doubt that the Defendants' financial problems were not entirely self-induced and existed prior to the Consent Judgment. The global coal market and coal production has fallen over the past decade and fluctuations in coal prices have contributed to the Defendants poor financial condition.

Defendants request an evidentiary hearing on the issues related to ability to pay and prior existing financial condition.

### III. THE GOVERNMENT CANNOT USE CONTEMPT PROCEEDINGS TO ENFORCE A MONETARY JUDGMENT

The Government's request for contempt sanctions is not permitted on the facts on this case. Instead, the Government must pursue their judgment under the Rule 69 execution process. Federal Rule of Civil Procedure 69 states that money judgments are "enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Though Rule 69's "unless the court directs otherwise" clause appears to give the Court wide discretion in its use of enforcement tools, various Circuits and districts courts therein have determined this discretion to not encompass the use of contempt sanctions. *See Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir. 1997)) ("'When a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt'") (*quoting Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1996)); *see also Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983) (expressly rejecting contention that Rule 69(a)'s "otherwise" clause permits a federal court to enforce a money judgment through a contempt sanction); 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3011 (3d ed.) ("As a general matter . . . a money judgment is not a personal order to the defendant that is enforceable by contempt."); 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 69.03[2] (2d ed. 1982) (Rule 69(a)'s "otherwise" clause does not permit a federal court to "enforce a money judgment by contempt or methods other than a writ of execution, except in cases where

6

established principles so warrant"); Dan R. Dobbs, *Handbook of the Law of Remedies* 94 (1971) (explaining that money judgment "is not an order to the defendant, it is an adjudication of his rights or liabilities. No one may be held in contempt for failing to pay some debt as adjudicated by the court.").

While the Stipulation notifies the Defendants that failure to comply could lead to contempt proceedings, it does not stipulate that a failure to comply "shall" or "will" lead to a finding of contempt. Moreover, the Stipulation provides "[i]f Defendants become delinquent on a monthly payment, the United States may use the methods of enforcement outlined in the FDCPA and any other methods of enforcement available under applicable law, subject to the right to cure provisions set forth in paragraph 15. (ECF No. 44, ¶ 13). Defendants submit that the applicable law is Rule 69 and its enforcement procedures- not the Court's contempt powers being used to collect a monetary judgment.

## IV.     DEFENDANTS REQUEST AN EVIDENTIARY HEARING

The Government requests a show cause hearing. At this stage and given the significant payment history, the Defendants do not object to such a hearing but respectfully suggest that discovery may be necessary before such a hearing is convened so that claims outlined herein and those that exist relating to the Defendants' financial condition can be fully vetted and presented to this Court.

## CONCLUSION

Courts have universally held that "contempt is serious," and "courts must exercise the contempt sanction with caution and rarely use." *See United States v. Wilson*, 421 U.S. 309, 319 (1975).

7

However, Defendants absolute inability to comply with the Court's order offers a complete defense. The evidence will show that Defendants are unable to comply with the judgment order. Second, Defendants inability to secure the was not self-induced and, if it was, it existed long before the judgment in this case.  Third, Defendants have made and continue to make a good faith effort to comply with this Court's order.

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that the Court deny the Governments Motion for Civil Contempt and for such other relief as the Court deems just and proper.

                Respectfully submitted,

                SOUTHERN COAL CORPORATION, et al.

                By:  /s/     Aaron Balla Houchens
                            Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and the foregoing was electronically transmitted through the CM/ECF system to the following CM/ECF participants:

Jason Scott Grover, Esq.
U.S. Department of Labor - Office of the Regional Solicitor
201 12th Street South, Suite 401
Arlington, VA 22202-5450
202-693-9326
202-693-9392 (Fax)
grover.jason@dol.gov

Krista Consiglio Frith, Esq.
Laura Day Rottenborn, Esq.
U.S. Attorney's Office for the Western District of Virginia
310 First Street, S.W., Room 906
Roanoke, Virginia 24008
(540) 857-2250
(540) 857-2614 (Fax)
krista.frith@usdoj.gov
laura.rottenborn@usdoj.gov

                                                /s/    Aaron Balla Houchens