IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) Case No. 7:19-CV-00354 |
| **SOUTHERN COAL CORPORATION, ET AL.** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**<u>UNITED STATES' REPLY IN SUPPORT OF MOTION FOR CONTEMPT</u>**

Defendants admit they have not complied with the Court's two orders. They argue, however, they should not be held accountable for their violations because paying their debt is a "near impossibility at this time." Resp. at 5, ECF No. 58. Defendants appear to ask the Court to take them at their word, as they do not provide any evidence of their purported financial difficulties, nor have they filed for bankruptcy protection. The Court should reject Defendants' attempt to escape their *agreed-upon* financial obligations and should hold Defendants in civil contempt.

    **I.**    **Defendants' failure to comply with the consent judgment is willing.**

Defendants argue they have not willfully failed to comply with the Court's orders, making contempt allegedly unwarranted. They assert—with no evidence—that they have an "inability to pay," which they purport "is well known to the Government and has existed for some time." Resp. at 2. They further assert "on information and belief" that the government knew of Defendants' purported "problematic financial condition" at the time of the consent judgment. *Id.* at 5.

1

Defendants also claim that Carter Bank's lien on their assets existed before the consent judgment in this case, which further makes payment here impossible. *Id.*

All of Defendants' arguments fail. Defendants willingly and knowingly entered into the payment plan and consent judgment in this case, representing to the government and the Court that it would comply with the payment plan in the consent judgment. ECF No. 44. However, they now claim that they faced financial difficulties at the time of the consent judgment that preclude them from being able to pay. If Defendants knew they could not comply with the consent judgment at the time of execution, they should have said so.

Moreover, while Defendants told the government in 2023 that they had difficulty making payments, they also told the government they would be able to remedy the financial problem shortly thereafter. Specifically, in June 2023, defense counsel told the government Defendants did not immediately have the ability to make the late payments, but Defendants would be able to borrow money from another business entity in August 2023 to catch-up on the payment plan. Based on this representation, the government agreed to a modified payment schedule beginning in August 2023. ECF No. 55. Yet once again, Defendants failed to comply with the adjusted payment plan. Defendants have not provided any explanation for their noncompliance. Between August 2023 and present, Defendants did not communicate to the government an inability to pay on the modified schedule, nor did they seek alternative payment arrangements with the government. *See* ECF No. 57-2. Over this period, the government continuously sent reminders to Defendants and requests for payment. *Id.* Most of those reminders and requests went unanswered. *Id.* Instead of notifying the government about their alleged inability to comply with the consent judgment, Defendants have kept their proverbial heads in the sand. Even when the government notified Defendants in

July 2024 that the government would have no choice but to seek action with the Court unless payment in full was made, Defendants offered no explanation or response. *Id.* at 20.

Defendants cite one case to support their argument that their "self-induced" financial inability to pay predated the consent judgment, and thus their failure to pay is not willing. Resp. at 5. The noncontrolling case law they cite, however, does not support this argument. In *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 801–02 (6th Cir. 2017), the court found the defendant's inability to pay arose prior to the settlement agreement becoming final and thus the defendant's failure to pay could not be the basis for civil contempt. In *Gascho*, however, at the time the defendant entered into the agreement, it had the ability to pay, but before the agreement became final, it became unable to pay. The defendant then promptly notified the court it was out of money and could not meet its obligations under the agreement. *Id.* at 799. The *Gascho* defendant's actions stand in stark contrast to Defendants' conduct here where they made numerous payments under the agreement—despite their assertion now they did not have the financial ability to do so—and then several years later, stopped making payments without notifying opposing counsel or the Court.

Defendants here have willfully failed to comply with the consent judgment. Defendants' assertions to the contrary are belied by the facts and history of this case.

## II. Civil contempt is appropriate here.

Defendants next argue, citing no controlling case law, that the government cannot seek civil contempt for Defendants' failure to pay. Resp. at 6. This assertion, however, ignores that other courts within the Fourth Circuit have imposed civil contempt sanctions for defendants' willful failure to comply with a consent judgment. *See, e.g.*, *Adkins v. Arvinger*, 2023 WL 9318487, at *5 (E.D. Va. Dec. 7, 2023) (R&R) (finding the defendants in civil contempt for failing

3

to comply with the settlement agreement, including their failure to fully pay the settlement amount), *approved by* 2024 WL 174761 (E.D. Va. Apr. 23, 2024); *see also Gascho*, 875 F.3d at 802 (rejecting the defendant's argument that contempt proceedings are not the proper vehicle for enforcing what was ultimately a monetary award).

### III. Defendants' request for discovery is unnecessary and a delay tactic.

Defendants "suggest that discovery may be necessary" prior to a show cause hearing. Resp. at 7. While Defendants assert they have an "absolute inability to comply" with their payment obligations, the government does not need discovery on that issue prior to a show cause hearing. Defendants bear that burden of proving their inability to pay and can present any such evidence to the Court at such a hearing. To the extent Defendants assert they need discovery *from* the government in advance of a hearing for Defendants to show cause to why they failed to comply with several court orders, any such discovery is improper.

### CONCLUSION

For the reasons set forth in the government's memorandum in support and the foregoing, the Court should find Defendants in civil contempt.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

Date:  August 27, 2024

*/s/ Laura Day Taylor*
Laura Day Taylor
Assistant United States Attorney
Virginia State Bar No. 94021
Illinois State Bar No. 6289334
Laura.Taylor@usdoj.gov

*/s/ Krista Consiglio Frith*
Assistant United States Attorney

4

        Virginia Bar No. 89088
        United States Attorney's Office
        P. O. Box 1709
        Roanoke, VA 24008-1709
        Telephone: (540) 857-2250
        Facsimile: (540) 857-2283
        Krista.Frith@usdoj.gov

*/s/ Jason S. Grover*
Special Assistant United States Attorney
Illinois Bar No. 6256032
Counsel for Trial Litigation
Mine Safety and Health Division
Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
TEL (202) 693-9326
FAX (202) 693-9392
grover.jason@dol.gov
        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notice to all counsel of record.

        */s/ Krista Consiglio Frith*
        Krista Consiglio Frith
        Assistant United States Attorney